IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PISCES MADDEN,

    Plaintiff,

v.

JUDGE TABATHA HOLLIDAY *et al.*,

    Defendants.

1:25CV991

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on *pro se* plaintiff Pisces Madden's application to proceed *in forma pauperis*. *See* Docket Entry 1. For the reasons set forth below, the Court will grant the application for the limited purpose of allowing the Court to consider a recommendation of dismissal.

### I. BACKGROUND

Madden has a sued the State of North Carolina, a state judge (Tabatha Holliday), prosecutors (Elizabeth Lamb and Austin Tyler Furtrell), public defenders (Ashley L. Cambell, Lauren Gebhard, and Susan Alexandra Snow), and a police officer (Tracy L. Chandler) for their involvement in his various criminal cases. *See* Docket Entry 1 (Compl.) at 7–9.

Madden claims the defendants violated his constitutional rights and 18 U.S.C. §§ 241, 242. *Id.* at 6. But 18 U.S.C. §§ 241, 242 are criminal statutes and convey no private right of action. *United States ex rel. Angel v. Scott*, 697 F. Supp. 3d 483, 490 (E.D. Va. 2023). Accordingly, the Court construes these claims under 42 U.S.C. § 1983.

Madden has sued all defendants in their official and individual capacities. Compl. at 7–9. He seeks "an order declaring [the defendants' conduct] unconstitutional." *Id.* at 6. He also requests compensatory damages, punitive damages, and reasonable attorney's fees. *Id.*

### II. DISCUSSION

Jurisdiction "may (or, more precisely, must) be raised *sua sponte* by the court" if in doubt. *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004); *accord Mebane v. GKN*

*Driveline N. Am., Inc.*, 499 F. Supp. 3d 220, 229 (M.D.N.C. 2020). Standing is a jurisdictional issue, as is the Eleventh Amendment's prohibition on suits against states. *Indus. Servs. Grp., Inc. v. Dobson*, 68 F.4th 155, 167 (4th Cir. 2023).

Federal courts may exercise supplemental jurisdiction over state law claims that are closely related to claims over which the court has original jurisdiction. *See* § 1367(a). But if a court dismisses the claims over which it has original jurisdiction, it may also dismiss the claims over which it would have had supplemental jurisdiction. § 1367(c)(3).

Additionally, the Court must dismiss a case filed *in forma pauperis* if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). To state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That is, a plaintiff must make factual allegations that are "enough to raise a right to relief above the speculative level." *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted).

A *pro se* plaintiff's complaint must be construed liberally in their favor. *See Jehovah v. Clarke*, 798 F.3d 169, 176 (4th Cir. 2015). "A plaintiff often must offer more detail, however, than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001).

A. Madden Does Not Have Standing to Seek Declaratory Relief.

Maddens seeks "an order declaring [the defendants' conduct] unconstitutional." Compl. at 6. However, a plaintiff must typically allege "ongoing or future harm" to have standing to seek declaratory relief. *Jensen v. Maryland Cannabis Admin.*, 719 F. Supp. 3d 466, 476 (D. Md. 2024), *aff'd*, 151 F.4th 169 (4th Cir. 2025), *cert. denied sub nom. Jensen v. Md Cannabis Admin*, No. 25-766, 2026 WL 490640 (U.S. Feb. 23, 2026); *see also Wells v. Johnson*, 150 F.4th 289, 305 (4th Cir. 2025) ("[P]laintiffs who have suffered injury in the past seldom need preclusion. They need compensation, and declaratory judgments are not compensatory."). Madden has alleged no such ongoing or future harm. The undersigned therefore considers only Madden's claims for monetary damages below.

B. The Eleventh Amendment and *Monell* Bar Madden's Official Capacity Claims.

"[O]fficial capacity suits generally represent but another way of pleading an action against the entity of which the officer is an agent." *Hughes v. Blankenship*, 672 F.2d 403, 406 (4th Cir. 1982); *accord Robertson v. Anderson Mill Elementary Sch.*, 989 F.3d 282, 287 n.5 (4th Cir. 2021). If the officer is an agent of the state, the Eleventh Amendment may bar their suit. *Albert v. Lierman*, 152 F.4th 554, 560 (4th Cir. 2025). But if the

officer is an agent of a municipality, the suit must instead satisfy *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

    1. The Eleventh Amendment Bars Madden's Claims Against North Carolina and His Officials Capacity Claims Against the Judge and Prosecutor Defendants.

The Eleventh Amendment bars courts from hearing a citizen's claim against a state. *See* U.S. Const., amend. XI; *Albert*, 152 F.4th at 560. The Fourth Circuit has determined that North Carolina prosecutors are agents of the state for Eleventh Amendment purposes, *Nivens v. Gilchrist*, 444 F.3d 237, 249 (4th Cir. 2006), and a robust consensus of persuasive authority supports the same rule for North Carolina judges, *see, e.g., Alden v. Jones*, No. 519CV00115KDBDCK, 2020 WL 912783, at *4 (W.D.N.C. Feb. 25, 2020); *Olavarria v. N. Carolina Admin. Off. of the Cts.*, No. 5:15-CV-00049-F, 2015 WL 1526544, at *4 (E.D.N.C. Apr. 3, 2015); *D'Alessandro v. North Carolina*, No. 5:14-CV-507-D, 2014 WL 7182975, at *2 (E.D.N.C. Oct. 3, 2014); *Everson v. Doughton*, No. 1:08CV887, 2009 WL 903316, at *2 (M.D.N.C. Apr. 2, 2009), *report and recommendation adopted*, Docket Entry 26, No. 1:08CV887 (M.D.N.C. July 15, 2009), No. *aff'd*, 366 F. App'x 461 (4th Cir. 2010).

The Court should therefore dismiss Madden's official capacity claims against Holliday (a judge), Lamb and Futrell (prosecutors), and the state of North Carolina.

    2. *Monell* Bars Madden's Official Capacity Claims Against the Police Officer Defendant.

Official capacity claims against police officers are claims against the police department, and therefore claims against a municipality, not the state, for Eleventh Amendment purposes. *See Harter v. Vernon*, 101 F.3d 334, 338-43 (4th Cir. 1996); *Gantt v. Whitaker*, 203 F. Supp. 2d 503, 508-09 (M.D.N.C. 2002) (explaining why *Harter* remains good law despite intervening Supreme Court cases), *aff'd*, 57 F. App'x 141 (4th Cir. 2003) (unpublished); *e.g., Atkinson v. Godfrey*, 100 F.4th 498, 509 (4th Cir. 2024).

In *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978), the Supreme Court determined that a municipality is liable for the acts of its employees only if it "follows a custom, policy, or practice by which local officials violate a plaintiff's constitutional rights." *Owens v. Baltimore City State's Att'ys Off.*, 767 F.3d 379, 402 (4th Cir. 2014) (citing *Monell*, 436 U.S. at 694). The Fourth Circuit has identified four ways to satisfy *Monell*:

    (1) "Through an express policy, such as a written ordinance or regulation;"

    (2) "Through the decisions of a person with final policymaking authority;"

3

(3) "Through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens; or"

(4) "Through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law."

*Howard v. City of Durham*, 68 F.4th 934, 952 (4th Cir. 2023) (citation modified).

Chandler is a police officer, Compl. at 3; Madden's official capacity claims against her must therefore satisfy *Monell*. But Madden's sole factual allegation against Chandler is that she "took orders from Ms. Lamb and due to such case 24CR413577-400 came alive." Compl. at 3, 9. This alleges none of the above elements.

The Court should therefore dismiss Madden's official capacity claims against Chandler.

3. Madden's Official Capacity Claims Against the Public Defender Defendants Cannot Survive Regardless of Whether They Are State or Local Agents.

Madden's remaining official capacity claims are against public defenders.

This Court has, in the past, determined that North Carolina public defenders are state agents for Eleventh Amendment purposes. *See Davis v. Blanchard*, No. 1:15CV362, 2016 WL 1229087, at \*5 (M.D.N.C. Mar. 28, 2016). Thus, the Court should dismiss Madden's official capacity claims against Campbell, Gebhard, and Snow.

Assuming *arguendo*, though, that North Carolina public defenders are municipal agents,[1] dismissal remains appropriate. Madden's makes only vague allegations against his former defense counsel. He alleges that Campbell missed a filing deadline, that Snow did not file motions that Madden told her to, and that Gebhard conspired with prosecutor Futrell to convince Madden to sign a plea agreement. Compl. at 8. These allegations do not contain sufficient detail to state a claim. They also do not satisfy *Monell* because they suggest no constitutionally deficient express policy, decision by a person with final policymaking authority, failure to train, or widespread practice.

The Court should therefore dismiss Madden's official capacity claims against Campbell, Gebhard, and Snow.

---

[1] Determining whether a public officer is a state or municipal actor is not well suited for the screening stage. It requires the Court to consider factors such as what function the officer was performing and "the definition of the official's functions under relevant state law." *See McMillian v. Monroe Cnty., Ala.*, 520 U.S. 781, 786 (1997).

4

### C. Madden's Individual Capacity Claims Against Holliday Fail Due to Judicial Immunity and Deficient Pleading.

"[J]udges are absolutely immune from suit for deprivation of civil rights brought under 42 U.S.C. § 1983" for actions they take in their capacity as judges. *Darling v. Falls*, 236 F. Supp. 3d 914, 926-27 (M.D.N.C. 2017) (quoting *King v. Myers*, 973 F.2d 354, 356 (4th Cir. 1992)). "[F]actors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978).

Here, Madden complains that, in his various criminal cases, Holliday—a state judge—ordered that Madden "get a mental health assessment and enroll in DVIP," charged Madden with criminal contempt, set a $50,000 bail despite Madden's indigent status, and placed an ankle monitor on Madden. Compl. at 7. All of these are functions normally performed by a judge dealing with criminal defendants; Holliday is therefore immune to any claims arising out of them.

Madden also complains that he "was denied his first appearance, second appearance, and was not taken before the Magistrate as ordered per the Conditions of Release and Release Order." *Id.* However, Madden does not specify what appearances he is referring to or how Holliday was responsible for these incidents. He has therefore not alleged these facts with sufficient particularity to state a claim.

### D. Prosecutorial Immunity Bars Madden's Individual Capacity Claims Against Lamb and Futrell.

Prosecutors are immune from suits for damages for actions "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Savage v. Maryland*, 896 F.3d 260, 268 (4th Cir. 2018). This includes suits for malicious prosecution, *id.*, and for violation of a defendant's right against double jeopardy, *Nivens v. Gilchrist*, 444 F.3d 237, 250 (4th Cir. 2006).

Here, Madden sues Lamb and Futrell for their role in prosecuting various criminal cases against him. *See* Compl. at 7–8. Madden further claims that Futrell "threatened Mr. Madden that he (Mr. Madden) would be charged on a weekly basis if he (Mr. Madden) did not plea to a stalking charge." *Id.* Finally, Madden claims that Futrell brought stalking charges against him that had already been dismissed. *Id.* at 8. Prosecutorial immunity bars all these claims.

E. Madden Has Not Stated a Claim Against Campbell, Gebhard, and Snow in Their Individual Capacities.

Section 1983 typically does not allow suits against public defenders for actions they took "when performing a lawyer's traditional functions as counsel." *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *accord Howard v. Sharrett*, 540 F. Supp. 3d 549, 553 (E.D. Va. 2021). Exceptions exist only for unusual circumstances, such as "intentional misconduct" involving "conspiratorial action with state officials." *See Tower v. Glover*, 467 U.S. 914, 923 (1984). Thus, the only federal cause of action for ineffective assistance of counsel is in the form of a habeas petition where a detained plaintiff sues not for damages but for release. *See, e.g.*, *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

Here, Madden has alleged that Campbell missed a filing deadline and that Snow did not file motions as directed. Compl. at 8. These are traditional defense counsel functions and therefore not actionable under Section 1983.

Madden also alleges that Gebhard conspired with prosecutor Futrell to convince Madden to sign a plea agreement. *Id.* However, Madden alleges no specific facts showing a conspiracy. He therefore fails to state a claim under the conspiracy exception to the general prohibition on suing defense counsel under Section 1983.

And Madden cannot claim ineffective assistance of counsel because his complaint is not a habeas petition. Madden has not alleged that he is currently being detained, and even if he had, courts generally dismiss complaints brought under Section 1983 without prejudice rather than convert them into habeas petitions. *See generally Copus v. City of Edgerton*, 96 F.3d 1038 (7th Cir. 1996) ("The district court [is] not authorized to convert a § 1983 action into a § 2254 action, a step that carries disadvantages (exhaustion and the certificate of appealability only two among many) for litigants.... When a plaintiff files a § 1983 action that cannot be resolved without inquiring into the validity of confinement, the court should dismiss the suit without prejudice.").

Madden has therefore failed to state a federal claim against Campbell, Gebhard, and Snow in their individual capacities. To the extent that he has stated any claim against them under state law, the Court should decline to exercise supplemental jurisdiction over it in absence of a surviving federal claim. *See* 28 U.S. Code § 1367(c)(3).

F. Madden's Allegations Are Too Vague to State a Claim Against Chandler in Her Individual Capacity.

Madden's only factual allegation against Chandler—a law enforcement officer—is that she "took orders from Ms. Lamb and due to such case 24CR413577-400 came alive." Compl.

6

at 3, 9. Madden's allegations regarding Lamb, in turn, state only that Lamb "violated 18 U.S. Code Section 242 in two cases she overseen [sic] in District Court[.]" Compl. at 7. Madden provides no further facts. Madden's claims against Chandler thus fall well below even the "speculative level" that the Supreme Court rejected in *Twombly*. Madden has therefore failed to plead sufficient facts to state a claim against Chandler in her individual capacity.

### III.   CONCLUSION

**IT IS ORDERED** that Madden's application to proceed *in forma pauperis*, Docket Entry 1, is **GRANTED** for the limited purpose of allowing the Court to consider the following recommendation of dismissal. **IT IS RECOMMENDED** that the Court **DISMISS** this case without prejudice for lack of jurisdiction and failure to state a claim.


_____
JoAnna Gibson McFadden
United States Magistrate Judge

March 23, 2026
Durham, NC

7